HENRY MOYER, as Administrator, etc., Respondent, *v.* THE *118 NY 432* NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant. *21 wk dig 170*

(Argued February 9, 1885; decided March 3 1885.)

THIS action was brought to recover damages to certain flat lands along the Mohawk river, which belonged to plaintiff's

*183 AD 799*

intestate, alleged to have been caused by an embankment constructed in the river by defendant. The material question discussed here, with the facts pertinent thereto, appears in the following extract from the opinion:

"A witness was examined on the part of the defendant, who appeared to be an engineer of skill and experience, and who had studied the river, and tested its flow at the points of alleged obstruction and injury. He was cross-examined at some length on the part of the plaintiff, and then re-examined by the defendant, and was asked, among other things relating to the scouring of the water upon plaintiff's land, the following question: ' Are there any adequate causes, in your judgment, for this?' The plaintiff objected to the inquiry ' as calling for a speculative opinion.' The objection was sustained, and the defendant excepted. The inquiry was not immaterial. On behalf of the plaintiff the witness had been examined upon a specific hypothesis. Assuming as a fact that before the building of the alleged obstructions the flat lands of the plaintiff had not been scoured or injured, and immediately after such construction the injury had begun and steadily continued, he was asked if he would assign the obstruction as the cause. He answered in substance that he would not, if there was any other *known* cause; and if there was not such, he would assign the injury to some other cause of which he was ignorant; but if there was no other possible cause, known or unknown, except the obstruction, he should charge the injury upon that. It thus became somewhat important for the defendant to show that there were possible causes, outside of the obstructions, adequate to produce the injury. We do not think the inquiry was speculative, in an objectionable sense, for the witness, as an expert, and speaking upon a question of science, might very well be asked, in presence of a given effect, of what causes it either was, or might be, the resultant. That is a very common and very proper mode of scientific investigation. Nor was the inquiry open to the criticism of the General Term that it sought an opinion upon the precise issue to be submitted to the jury. Such opinions upon the point whether the obstructions might or might not have caused the injury had

been many times received on both sides without objection on either hand, although upon different hypotheses framed from the facts proved. But here the inquiry was of a similar character. It assumed a hypothesis the truth or falsity of which was left open to the jury ; and then asked, not what caused the injury, but what were all the adequate causes which might have been its origin, leaving the jury to determine among them. So that the exclusion of the inquiry would have been error but for two other circumstances. The question was asked on a re-direct examination, after the court had twice ruled out similar questions, on the ground that the defendant was thus seeking to reopen his case. But the more important consideration is that the question asked had already been fully and fairly answered, and there was no error in refusing a needless repetition. The witness had already said that if the flats were not washed materially prior to 1873, and were scoured immediately after the construction of the railroad embankments, it may have been the result of the damming up of the ice and its action upon the currents. He was then asked the distinct question : 'Is there any other cause which you know of ?' to which he answered : 'There is this narrowing of the section by the obstruction.' He had already said that the scouring was due, principally, to the waters of the Canajoharie creek, rather than to those of the river, and was occasioned, not by depth of water on the flats, but by water in motion, or currents having appreciable velocity; so that all the facts as to adequate causes within the knowledge of the witness were already fairly in the case, and the question excluded shut out nothing to the injury of the defendant. For these reasons we do not deem it needful or just to prolong this litigation on account of the question excluded."

*S. W. Jackson* for appellant.

*D. S. Morrell* for respondent.

FINCH, J., reads for affirmance.
All concur.
Judgment affirmed.